JS 44 (Rev. 06/17) GAM

**CIVIL COVER SHEET**

19      4228

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANDREW R. PERRONG
1657 THE FAIRWAY #131 JENKINTOWN, PA 19046

**DEFENDANTS**

REWEB REAL ESTATE LLC "REWEB"
1441 RIDGE ST NAPLES, FL 34103

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   COLLIER
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

ANDREW R. PERRONG (PRO SE)
1657 THE FAIRWAY #131 JENKINTOWN, PA 19046
215-791-6957

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | Liability | | | Corrupt Organizations |
| of Veteran's Benefits | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TELEPHONE CONSUMER PROTECTION ACT "TCPA" 47 USC 227; 47 CFR 64.1200

Brief description of cause:
DEFENDANTS CALLED PLAINTIFF IN VIOLATION OF THE TCPA

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
24,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
09/11/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

GAM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19      4228

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1657 THE FAIRWAY #131 JENKINTOWN PA 19046 _____

Address of Defendant: _____ 1441 RIDGE NAPLES, FL 34103 _____

Place of Accident, Incident or Transaction: _____ By telephone call to my private telephone _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/11/2019 _____   _____
                                   *Must sign here*          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify):* _____ TCPA 47 USC 227 _____

**B.  *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Andrew R. Perrong _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 09/11/2019 _____   _____
                                   *Sign here if applicable*          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

GAM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

ANDREW PERRONG                          :        CIVIL ACTION
                                        :
                    v.                  :
                                        :
REWEB REAL ESTATE LLC                   :        NO.  **19    4228**
Et Al                                   :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 9/11/2019 | Andrew Perrong | PLAINTIFF PRO SE |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-791-6957 | 888-329-0305 | ANDYPERRONG@GMAIL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

GAM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>Plaintiff,<br>vs.<br><br>REWEB REAL ESTATE LLC ("REWEB")<br>1441 RIDGE ST<br>NAPLES, FL 34103,<br><br>KYLE MCLAUGHLIN,<br>1378 CHESAPEAKE AVE.<br>NAPLES, FL 34102,<br><br>NICHOLAS UMMARINO<br>4090 LOOKING GLASS LN APT 5<br>NAPLES, FL 34112,<br><br>and<br>DOES 1 through 100, inclusive,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action<br>No.___**19    4228**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution,

reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and

injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64

for the *ultra vires* illegal actions and deliberate and knowing tortious activity of REWEB REAL

ESTATE LLC, KYLE MCLAUGHLIN, NICHOLAS UMMARINO, and Does 1 through 100,

inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit

sales ("Sales Calls"), by utilization of an automatic telephone dialing system, in violation of the

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of

1

the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.     Introduction

1.   Defendant REWEB REAL ESTATE LLC ("REWEB") is a company located and domestically incorporated in the State of Florida. REWEB's principal business is offering real estate purchasing and investment services to victims throughout the US. REWEB maintains a mailing address and registered agent at 1441 RIDGE ST NAPLES, FL 3410.

2.   Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges the Company's and Company's agents' illegal telephone solicitations by which they market their products and services, illegal Texts made using an automatic telephone dialing system and robotexts, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3.   All of the claims asserted herein arise out of Company' illegal telephone solicitation campaign and are a common fact pattern.

## II.    Jurisdiction and Venue

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Bucks and Montgomery Counties, which lie within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the  and text messages to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient

2

minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District, including by purchasing and owning property in this District and/or entering into contracts for the purchase and sale of real property with residents of this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent... ; it occurred when the [facsimile] was received."

### III. Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged and text messages on his private telephone lines mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant REWEB REAL ESTATE LLC ("REWEB") is a company located and domestically incorporated in the State of Florida. REWEB's principal business is offering real estate purchasing and investment services to victims throughout the US. REWEB maintains a mailing address and registered agent at 1441 RIDGE ST NAPLES, FL 3410.

8. Defendant KYLE MCLAUGHLIN ("MCLAUGHLIN") is an adult individual, who is the Principal of REWEB and upon information and belief is REWEB's Primary Owner. MCLAUGHLIN plays a role in the daily business operations of REWEB. MCLAUGHLIN is an adult individual and citizen of the United States. As Principal of Company, MCLAUGHLIN is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in REWEB's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Florida, and nationwide.

3

9.   Defendant NICHOLAS UMMARINO ("UMMARINO") is an adult individual, who, upon information and belief, was responsible for originating the lead and advertisement in question. UMMARINO plays a role in the daily business operations of REWEB. UMMARINO is an adult individual and citizen of the United States. UMMARINO is the primary individual who reaps the benefit of the specific tortious and illegal conduct described herein that is technically carried out only in REWEB's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Florida, and nationwide.

10. Plaintiff believes that Defendants sued as Does 1 through 10, inclusive, are the company, agents, owners, and/or employees of a company hired by Defendants to place calls/text messages on behalf of Defendants and/or provide and solicit leads for potential properties to purchase on behalf of Defendants. Presumably, Defendants used a common lead generator to solicit the purchase of properties. This scam is currently bombarding the Philadelphia area and elsewhere, and has been covered in major Philadelphia news publications. Christian Hetrick and Julia Terruso, *Robocaller 'Will' really wants to buy your Philly home. Here's what happened when we called him back.*, Philadelphia Inquirer (April 30, 2019), https://www.philly.com/business/robocall-scam-philadelphia-home-buying-selling-20190430.html, *archived at* https://archive.is/yLwYO. The exact name of these Defendants is currently unknown. Upon information and belief, these Defendants are vicariously liable for violations of the TCPA, were acting under an agency relationship with Defendants, and are therefore jointly and severally liable for all relief prayed for in the complaint.

11. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued

4

as Does 11 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

12. At all times herein mentioned, Defendants, and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

14. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

15. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

16. Under the TCPA, an individual such as MCLAUGHLIN or UMMARINO may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the Communications Act of 1934, as amended, which reads, *inter alia*: "[T]he act, omission, or

5

failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*" 47 U.S.C. § 217 (emphasis added).

17. When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson v. Five Star Catering, Inc., v. Beason,* 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v. Universal Elections,* 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

## IV.   **Factual Allegations**

18. In or about August 6, Plaintiff received the first of multiple unsolicited automated text messages made using an automatic telephone dialing system, or robocall, by Defendants, and/or their agents at Plaintiff's personal telephone number, 215-725-1530, for which he is charged for the call per text message. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

19. This text message bore the SMS Code 239-319-6036.

20. The fact that a SMS code was used to send the text message is evidence that it was sent using an ATDS, as SMS codes are reserved for automatically made text messages.

21. In fact, this specific SMS code's provider is Twilio.

22. Twilio's website, https://www.twilio.com/solutions/text-marketing,

*archived at* https://archive.is/JW0mq, boasts the ability to send automatic text messages for advertising and promotional purposes.

23. In fact, their website boasts the ability to send more than *100* text messages *per second,* or *8.6 million* text messages per day. This would far exceed the capability of any human being to type and send manually, *see* https://www.twilio.com/blog/2017/02/twilio-shortcode-100-mps.html *archived at* https://archive.is/2qbuy.

24. These facts support the Plaintiff's allegation that the text messages were made using an "Automatic Telephone Dialing System", as that term is defined by the TCPA.

25. The text message read, "Hi Devin, I am reaching out to you today in regards to your property at 1425 NW 8TH PL - I am a local investor and our company just bought a home near yo"

26. Plaintiff received another text message seconds thereafter from the same code.

27. That text message read, "urs. We are looking to buy other homes in the area so I wanted to personally reach out to make you an offer if you are interested in selling. Please let "

28. Plaintiff received another text message seconds thereafter from the same code.

29. That text message read, "me know when it would be best for us to chat. Thanks!"

30. Plaintiff does not own, nor has ever owned, a property at 1425 NW 8TH PL.

31. Upon information and belief, the REWEB Defendants use incorrect information to encourage bewildered victims to call and, ultimately, to make a sales pitch for the purchase/sale of property.

32. This, together with the message's overall impersonal nature, is further evidence that the message is sent *en masse* to hundreds, thousands, or potentially millions of victims with the same message content.

33. Thereafter, Plaintiff contacted the REWEB Defendants via reply text message to ascertain identity of the message sender, and received a reply from the same SMS code, "REWeb real estate. When is a good time to call to discuss the property?"

34. The second part of this message, "When is a good time to call to discuss the property?" constituted a further advertisement that Plaintiff did not consent to.

35. Thereafter, Plaintiff contacted the REWEB Defendants via e-mail to request a copy of REWEB Defendants' Do-Not-Call policy and request to be placed on REWEB Defendants' Do-Not-Call list. Plaintiff received a response with a general denial, a misstatement of the TCPA, and the response did not send Plaintiff REWEB's Do-Not-Call policy as required by law.

36. Because Plaintiff asked to receive the REWEB Defendants' Do-Not-Call policy and did not, it is evident that the REWEB Defendants do not maintain such a policy. Likewise, based on this fact, and the fact that the REWEB Defendants have no clue who they are calling and use trickery and confusion to make a sales pitch, it is clear that the REWEB Defendants do not have any Do-Not-Call lists or procedures in place. Based on the nature of their illegal activities, REWEB Defendants' noncompliance with the law in this regard is unsurprising.

37. Plaintiff also called the telephone number provided on the day of filing this complaint to make certain and absolutely ascertain the identity of the caller and for no other reason. During that call, Plaintiff was connected to Defendant UMMARINO, who then transferred the call to Defendant MCLAUGHLIN.

38. Defendants MCLAUGHLIN and UMMARINO are personally liable under the "participation theory" of liability because MCLAUGHLIN is the Principal owner of REWEB, knew of REWEB's violations, presumably paid for the Twilio services used to send the messages, presumably has such services under his name or those of REWEB, and directed

8

employees and/or agents of REWEB, namely UMMARINO, to continue making those violations, if not having done so himself. This is because he personally authorized and oversaw each of REWEB's marketing processes. For instance, *see* https://connectedinvestors.com/company/reweb, *archived at* https://archive.is/K6nHE (personally posting an advertisement seeking "Wholesale deals"). *See also,* https://rewebventures.com/areas-of-work/, *archived at* http://archive.is/4VrPM (advertising "software/tech" and "digital marketing" as REWEB's areas of work). Upon information and belief, UMMARINO orchestrated the sending of the illegal text messages to Plaintiff. Furthermore, MCLAUGHLIN is also personally liable because he is responsible for ensuring Company' employees' TCPA compliance.

39. Based on the averments above, Plaintiff has demonstrated that each of the text messages were made using an automatic telephone dialing system ("ATDS" or "autodialer"), as that term is defined in 47 U.S.C. § 227(a)(1).

40. Plaintiff received the text messages on his private telephone, which is a telephone for which he is charged for the text, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

41. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a... cellular telephone service... or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the text messages were placed using an automatic telephone dialing system to Plaintiff's private telephone line, on which he is charged for the message.

42. The TCPA provides a private cause of action to persons who receive calls/text

9

messages in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

43. Plaintiff was harmed by the text messages. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, he wasted energy and stress in answering a message, his storage space was depleted, his electronic resources and bandwidth were depleted, his electricity was depleted, he was charged for the messages, and his privacy was improperly invaded. Moreover, the messages injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

44. Plaintiff adequately confirmed identity for each and every message so as to establish liability of REWEB Defendants, as more fully outlined above.

45. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes. Under the TCPA, text messages are treated the same as a "call."

46. Plaintiff did not provide any one, more, or all REWEB Defendants, nor any agent of REWEB Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive tele or text messages on his personal telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

47. As a point of fact, to the extent that "consent" was supplied during the message, if at all, that was done in order to discover the identity of the caller, not for a sales pitch, and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

10

48. Plaintiff had no prior business relationship with any one, more, or all of REWEB Defendants.

49. The telephone Sales Text Messages therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## V.  Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA
"RoboText" Prohibition, 47 U.S.C. § 227 et seq.)

50. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboText" Prohibition, 47 U.S.C. § 227 et seq.)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

11

55. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "National DNC" Prohibition, 47 U.S.C. § 227 et seq.)

56. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

57. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

58. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"National DNC" Prohibition, 47 U.S.C. § 227 et seq.)

59. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

60. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

61. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

12

## Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

62. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

63. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

64. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

65. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

66. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

67. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

68. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

69. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:

### VI.   Prayer for Relief

On Causes of Action 1-8:

1. For awards of $500 for each negligent violation as set forth in actions 1-8;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$24,000** (Four counts each of: RoboText, text to a number on the National DNC registry, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each.).

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

14

7.  All such other and further relief as the Court deems proper.

## VII.    Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **September 11, 2019**

_____ /s/

Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

15