**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDREW R. PERRONG** | ) | |
| **1657 The Fairway #131 Jenkintown, PA 19046** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| **vs.** | ) | **No. 19-4228** |
| | ) | |
| **REWEB REAL ESTATE LLC** | ) | |
| | ) | |
| **Et. Al.** | ) | |
| **Defendants.** | ) | **Jury Trial Demanded** |
| | ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**

Plaintiff ANDREW R. PERRONG respectfully moves, under Federal Rule of Civil

Procedure 50(b)(2), for a default judgement against defendants REWEB REAL ESTATE LLC,

KYLE MCLAUGHLIN, and NICHOLAS UMMARINO.

I. **STATEMENT OF ISSUES**

1. Is default judgement is warranted in a case such as this, given the obvious lack of

    participation by Defendants?

    SUGGESTED ANSWER: YES

2. What is the amount of damages to be awarded to Plaintiff?

    SUGGESTED ANSWER: $25,000.

II. **STATEMENT OF FACTS**

Liability: The Plaintiff in this case, Andrew R. Perrong, is the person who received the text

messages in question and who owns and uses the telephone number to which the messages were

sent. Plaintiff's Compl. ¶¶ 6, 18, Dkt. No. 1. Defendants market and sell real estate purchasing

1

and investment services to individuals throughout the US. *Id*. ¶ 7. Defendants use telemarketing to market their services, including to persons, like Plaintiff, who have not consented to receive such solicitations. *Id*. ¶¶ 2, 46. Defendants use equipment that has the capacity to store or produce random or sequential numbers to be called and that includes auto-texters and predictive dialers. Defendants sent auto-dialed automated text messages to Plaintiff's private telephone line, without his consent. *Id*. ¶¶ 20, 24, 27, 29. Plaintiff contacted the Company and owner, MCLAUGHLIN, via e-mail to request that the calls and text messages stop, to request a copy of company's do-not-call policy, and to attempt to settle the matter. The response did not confirm that the calls or text messages would stop, nor did it provide the do-not-call policy as required by law. *Id*. ¶ 35.

Jurisdiction: Defendants' text messages included telemarketing robotexts to Plaintiff while he was in this District. Compl. ¶ 5.

Injury: The Plaintiff did not consent to these messages. Compl. ¶ 18. To the contrary, Plaintiff asked that they stop. *Id*. ¶ 35. Plaintiff felt bombarded by the messages, and Plaintiff found them frustrating, obnoxious, annoying, and a nuisance. *Id*. ¶ 43. Plaintiff was interrupted by Defendants' messages. Plaintiff was charged for the messages. The messages disturbed Plaintiff's solitude. *Id*.

Damages: Damages for violations of the TCPA are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful. *Perrong v. Space Coast Marketing, LLC*., Civ. No. 2:18-cv-05510, at *1 (E.D. Pa. July 17, 2019); *Perrong v. Tranzvia, LLC*., Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018); *Shelton v. Doan Sols., LLC*., Civ. No. 2:17-cv-02368, at *5 (E.D. Pa. July 18, 2017). For the purposes of the TCPA, text messages are treated identically to telephone calls. *Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd 14014, 14115, ¶ 165 (2003). To demonstrate that the conduct was knowing and/or willful, the Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections. However, Plaintiff alleges that, of the four (4) known messages by Defendants to Plaintiff:

- 4 were telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2);

- 4 were robotexts. 47 U.S.C. § 227(b)(1)(A);

- 4 included refusals to place Plaintiff's number on an internal Do-Not-Call list. 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(d)(3);

- 4 included refusals to provide Plaintiff Defendants' Do-Not-Call policy. 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(d)(1).

Therefore, Plaintiff is entitled to $24,000 for statutory violations, plus $1,000 for fees and costs.

<u>Posture:</u> On September 12, 2019, Plaintiff filed his complaint, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder. Dkt. No. 1. On November 6, Plaintiff moved for entry of default against defendants REWEB REAL ESTATE LLC, KYLE MCLAUGHLIN, and NICHOLAS UMMARINO. Dkt. No. 6. On November 13, the clerk entered default against Defendants. Plaintiff now moves for default judgement under Rule 50(b)(2) of the Federal Rules of Civil Procedure. Although Plaintiff avers that the motion may likely be adequately decided on the pleadings, Plaintiff is not averse to oral argument, and requests that the court call a hearing if clarification is needed.

III. **ARGUMENT AND AUTHORITIES**

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgement in a case following a defendant's default. It is well settled in this Circuit that the entry of a default judgement is left primarily to the discretion of the district court. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties and ensure the adequacy of service on the defendant. *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). Additionally, a court must determine the appropriateness of default judgement by weighing (1) the prejudice suffered by the party seeking default judgement; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Days Inns Worldwide, Inc. v. Jinisha Inc.,* Civ. No. 14-6794 at *2 (D.N.J. July 24, 2015). In addition, the court must also consider whether the complaint sufficiently pleads a cause of action and whether the plaintiff has proven damages. *Id.* at *1. For the reasons set forth below, these threshold conditions are met and default judgement is warranted.

**A. The Court Has Jurisdiction and Service of Process Was Proper**

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendants. Further, Defendants were duly served with process in accordance with the requirements of Federal Rule of Civil Procedure 4.

     i.    **Subject Matter Jurisdiction**

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

4

ii.     **Personal Jurisdiction**

There exist two types of personal jurisdiction: general and specific. Specific personal

jurisdiction exists when the defendant has "purposefully directed his activities at residents of the

forum and the litigation results from alleged injuries that arise out of or related to those

activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528

(1985). General personal jurisdiction exists when the defendant's contacts with the forum,

whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales*

*de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

The Court has *specific* personal jurisdiction over Defendants REWEB REAL ESTATE LLC,

KYLE MCLAUGHLIN, and NICHOLAS UMMARINO because the constitutional requirements

of purposeful direction and fair play are satisfied. Where no applicable federal statute addresses

the issue (as is the case here), the district court "asserts personal jurisdiction over non-resident

defendants to the extent permissible under the law of the state where the district court sits."

*Pennzoil Products Co. v. Colelli Associates*, 149 F.3d 197 (3d Cir. 1998).

When considering Defendants REWEB REAL ESTATE LLC, KYLE MCLAUGHLIN, and

NICHOLAS UMMARINO, "Pennsylvania's long-arm statute authorizes jurisdiction to the

fullest extent permissible under the Constitution." *Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d

Cir. 1994). The due process limit to the exercise of personal jurisdiction is defined by a two-

prong test. First, the defendant must have made constitutionally sufficient "minimum contacts"

with the forum. *Burger King Corp*. Second, if "minimum contacts" are shown, jurisdiction may

be exercised where the court determines, in its discretion, that to do so would comport with

"traditional notions of fair play and substantial justice," i.e., is reasonable. *International Shoe*

*Co. v. Washington*, 326 U.S. 310 (1945).

The record shows that both these elements are satisfied to meet the requirements for asserting specific personal jurisdiction over REWEB REAL ESTATE LLC, KYLE MCLAUGHLIN, and NICHOLAS UMMARINO. First, Defendants REWEB REAL ESTATE LLC, KYLE MCLAUGHLIN, and NICHOLAS UMMARINO. have "minimum contacts" with the forum. The "minimum contacts" test is satisfied by "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014). Courts have repeatedly held where a defendant makes a call or sends a message into the forum state in violation of the TCPA, this action alone is sufficient to confer specific jurisdiction over the defendant. *See Rinky Dink, Inc. v. Elec. Merch. Sys.*, Civ. No. C13-1347-JCC (W.D. Wash. Feb. 24, 2015). (Finding express aiming where defendant transmitted calls to telephone numbers with Washington area codes, even if at the direction of another party). *See also Abramson v. CWS Apartment Homes, LLC*, Civ. No. 16-426 (W.D. Pa. Oct. 24, 2016). (Holding that Pennsylvania has an interest in protecting its citizens from harm inflicted by nonresidents and holding that sending a text message to a Pennsylvania area code would make the exercise of specific personal jurisdiction reasonable). Plaintiff has alleged precisely that the Defendants sent their message into Pennsylvania, to a Pennsylvania area code, to a number registered in Pennsylvania. Compl. ¶ 5. By sending a message to such a number, a Defendant "expressly aimed their conduct at Pennsylvania" because the number was associated with the State of Pennsylvania. *Abramson v. Caribbean Cruise Line, Inc.*, Civ. No. 2:14-cv-00435, at *15 (W.D. Pa. Jun. 23, 2014), quoting *Marten*, 499 F.3d at 296.

Second, exercise of personal jurisdiction over Defendants would be reasonable. Requiring Defendants to defend in Pennsylvania is not unreasonable. After sufficient minimum contacts are

found, it becomes the defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, at *477. Defendant has failed to carry this burden.

     iii.    **Service of Process**

Under the Federal Rules of Civil Procedure, Defendant REWEB REAL ESTATE LLC was properly served with process. Under Federal Rule of Civil Procedure 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Here, on October 2, 2019, Plaintiff's process server personally served the complaint, summons and other initiating papers on Defendant REWEB REAL ESTATE LLC's owner, KYLE MCLAUGHLIN. Dkt. No. 5. Thus, Plaintiff effected service under Rule 4(h).

Under the Federal Rules of Civil Procedure, Defendants KYLE MCLAUGHLIN and NICHOLAS UMMARINO were properly served with process. Under Federal Rule of Civil Procedure 4(e)(2)(A), an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Here, on October 2, 2019, Plaintiff's process server personally served the complaint, summons and other initiating papers on Defendants KYLE MCLAUGHLIN and NICHOLAS UMMARINO. Dkt. No. 5. Thus, Plaintiff effected service under Rule 4(e)(2)(A).

     iv.    **Personal Liability**

This case arises out of the Federal Telephone Consumer Protection Act of 1991, as

amended. The TCPA is part of the Communications Act of 1934, as amended, and the Communications Act contains a *respondeat superior* provision. *See* 47 U.S.C. § 217, "the act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as that of the person*." This provision applies when "construing and enforcing the provisions of the Communications Act." *Reynolds Corp. v. National Operator Services, Inc.*, 73 F. Supp. 2d 299, 305 (W.D.N.Y. 1999).

As the owner of REWEB and by personally taking responsibility for the TCPA violations of his company, MCLAUGHLIN was clearly acting "within the scope of his employment" when he orchestrated the placing of the messages to Plaintiff. Similarly, because UMMARINO appears to have actually programmed the automated messenger to send the messages at issue for REWEB, UMMARINO was clearly acting "within the scope of his employment." In TCPA cases such as this, courts have upheld personal liability against the individual Defendants. *See Jackson's Five Star Catering, Inc. v. Beason*, Civ. No. 10-10010 (E.D. Mich. Nov. 8, 2013). (Granting plaintiff's motion for summary judgement where the record contained no dispute that the individual corporate officer participated in the payment of and authorization for the fax ads). *See also Perrong v. Space Coast Marketing, LLC.*, Civ. No. 2:18-cv-05510, at *1 (E.D. Pa. July 17, 2019)*. (Imposing individual liability to an almost identical default judgment motion). Indeed, "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force." *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 416 (D. Md. 2011).

**B.  The Balance of Factors Weighs in Favor of a Default**

It is clear that the balance of factors weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendants have not responded, the Court is unable to consider neither the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants have demonstrated the culpability necessary for this factor to weigh against them.

    i.   **Without Default, Plaintiff Will be Denied Relief**

In considering a default judgement motion, the court must consider the prejudice suffered by the party seeking default judgement. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendants' failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Here, Defendants were made aware of their unlawful conduct when they were served. Nevertheless, Defendants have failed to appear and defend against this action. In the absence of a default judgement, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgement is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

    ii.   **Defendants have no Meritorious Defense**

In a default judgement case, this factor always weighs in favor of Plaintiff. Because the Defendants did not respond, the Court cannot determine whether or not the Defendants had

meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendants have no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgement. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984). (Holding that the threshold issue in assessing default judgement is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

### iii. Defendants are Culpable for their Conduct

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable. *Emcasco*, at *75. (Finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendants' failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this factor also weighs in favor of Plaintiff.

### C. The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $25,000 are both reasonable and fair given the circumstances and facts of the case.

i. **Legal Sufficiency**

Default judgement is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, Civ. No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Critically, references to "calls" in the TCPA also encompass text messages, and text messages are considered "calls" for the purposes of the TCPA. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd 14014, 14115, para. 165 (2003). Here, Plaintiff has alleged and supported his four TCPA claims with more than adequate specificity. *Compare* Compl. ¶¶ 18-49 (date, caller ID, called number, and information that supports the inference that an automatic dialer was used, whether or not the caller followed prior do-not-call requests, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, Civ. No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, Civ. No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

In particular, Plaintiff has adequately and specifically stated claims for:

- *first,* calls placed using an Automatic Telephone Dialing system, or "robotexts". 47 U.S.C. § 227(b)(1)(A). Compl. ¶¶ 54-59;

- *second*, telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2) Compl. ¶¶ 60-65;

- *third,* refusals to provide Plaintiff a copy of Defendants' Do-Not-Call policy. 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(d)(1). Compl. ¶¶ 66-69;

11

- *fourth,* refusals to place Plaintiff's number on an internal Do-Not-Call list. 47 U.S.C.

  § 227(c)(5) and 47 C.F.R. 64.1200(d)(3). Compl. ¶¶ 70-73.

First Claim: The elements of the first claim are: (1) the defendant called a telephone

number for which the called party is charged for the call; (2) using an automatic telephone

dialing system [or artificial or prerecorded voice]; (3) without the recipient's prior express

consent." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803-04 (9th Cir. 2017); *see also* 47

U.S.C. § 227(b)(1). To allege that an automatic telephone dialing system was used, Plaintiff need

only plead characteristics of the call which would reasonably allow the Plaintiff to infer that an

ATDS was used. *Abramson v. Oasis Power LLC*, Civ. No. 2:18-cv-00479, at *3, *14 (W.D. Pa.

Jul. 31, 2018). "Prior express consent" under the TCPA must be "clearly and unmistakably

stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009). Plaintiff's

complaint pleads each element of the first claim:

(1) Defendants sent messages to a telephone number for which the called party is charged

for the call, Compl. ¶¶ 18, 41, 43;

(2) using an automatic telephone dialing system or artificial or prerecorded voice, *id.* ¶¶

22, 24, 39, 46;

(3) without the recipient's prior express consent, *id.* ¶¶ 18, 34.

Second Claim: The elements of the second claim are: (1) the defendant called a private

telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any

12-month period; (4) for initiating any telephone solicitation. 47 C.F.R. § 64.1200(c)(2); 47

U.S.C. § 227(c)(5).  Plaintiff's complaint pleads each element of the second claim:

(1) Defendants called Plaintiff's private telephone number, Compl. ¶¶ 40, 41;

(2) registered on the National Do Not Call Registry, *id.* ¶¶ 18;

12

(3) at least twice in any 12-month period, *id.* ¶¶ 25, 27, 29, 33;

(4) for the purpose of initiating any telephone solicitation, id. ¶¶ intro., 2, 25, 27, 29, 33.

Third Claim: The elements of the third claim are: (1) the defendant initiated a call for telemarketing purposes; (2) to a private telephone subscriber; (3) without having a written policy, available upon demand, for maintaining a Do-Not-Call list. 47 C.F.R. § 64.1200(d)(1); 47 U.S.C. § 227(c)(5).  Plaintiff's complaint pleads each element of the third claim:

(1) Defendants initiated a call for telemarketing purposes, Compl. ¶¶ intro., 2, 25, 27, 29, 33;

(2) to Plaintiff's private telephone number, *id.* ¶¶ 40, 41;

(3) without having a written policy, available upon demand, for maintaining a Do-Not-Call list., *id.* ¶¶ 2, 35, 36.

Fourth Claim: The elements of the fourth claim are: (1) the defendant initiated a call for telemarketing purposes; (2) to a private telephone subscriber; (3) without honoring Do-Not-Call requests. 47 C.F.R. § 64.1200(d)(3); 47 U.S.C. § 227(c)(5).  Plaintiff's complaint pleads each element of the fourth claim:

(1) Defendants initiated a call for telemarketing purposes, Compl. ¶¶ intro., 2, 25, 27, 29, 33;

 (2) to Plaintiff's private telephone number, *id.* ¶¶ 40, 41;

(3) without honoring Do-Not-Call requests, *id.* ¶¶ 2, 35, 36.

ii.  **Damages are Appropriate for Default Judgement**

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgement because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at

*7. The general rule is that cases seeking statutory damages are well-suited to default judgement, even without a hearing. *Broadcast Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167 (D.N.J. 1995). (Holding that a Rule 55(b) hearing was not necessary in order to determine proper statutory damages for default judgement entered in copyright infringement action). Thus, in TCPA cases, a five-figure demand does not cause the sum-at-stake to weigh against granting default judgement. In fact, courts around the country have granted five and even six-figure default judgements in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia, LLC.*, at *1 ($45,000).

The statutory penalty for a TCPA violation is $500 for each violation of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover under section 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call). Plaintiff pleads that he received four messages. As outlined above, these four messages were placed using an ATDS, which violates section (b), and entitles Plaintiff to an award of $500 for each violation. 47 U.S.C. § 227(b)(3)(B). Also, as outlined above, each of the four messages also violated three different implementing regulations of the TCPA, 47 C.F.R. 64.1200(c)(2) [calling a number on the national DNC registry], 47 C.F.R. 64.1200(d)(1) [failing to have a DNC policy], and 47 C.F.R. 64.1200(d)(3) [failing to have an internal do-not-call list]. Plaintiff is entitled to an award of $500 for each of these three violations. 47 U.S.C. § 227(c)(5)(B).

Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a

revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). *A fortiori,* therefore, when there was no consent to begin with, and given requests to stop calling, as in this case, treble damages are appropriate to deter further illegal telemarketing. Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

The messages invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgement in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of messages for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations. Finally, a Plaintiff's past litigation history cannot reduce Defendant's liability. *See Murray v. GMAC Mortgage Corp*., 434 F.3d 948, 954 (7th Cir. 2006) (Noting the absence of any "decision supporting the proposition that someone whose rights have been violated by 50 different persons may sue only a subset of the offenders".); *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017) ("Nothing in the Constitution, though, requires a plaintiff to be a naïf. Litigation is not college athletics: there is no 'amateurs only' rule."); *id*. at 1197 ("The TCPA does not merely contemplate self-interested plaintiffs—it encourages them.").

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgement be entered in the amount of $25,000, calculated as follows: 4 text messages placed to Plaintiff, times 4 violations per message, times $500 per violation, times treble damages, plus $1,000 for fees and costs.

IV. **CONCLUSION**

Defendants decided to make telemarketing robotexts to Plaintiff (to a number listed on the National Do Not Call Registry, no less) without his consent. Defendants decided not to defend this lawsuit. Accordingly, entry of default judgement against Defendants is appropriate. Plaintiff Andrew R. Perrong respectfully prays for an award of $25,000, plus any other relief that the court deems just and proper.

Dated: **November 13, 2019**

_____/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

16

## **SWORN DECLARATION**

I, Andrew Perrong, declare, depose, and say that I am the Plaintiff *pro-se* in this matter. I am acquainted with the facts and factual allegations set forth in this Motion. I hereby state that the averments, facts, and factual allegations contained herein are true and correct to the best of my knowledge, information, and belief. This declaration is made according to 28 U.S.C. § 1746.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: **November 13, 2019**

_____/s/_____

Andrew Perrong

*Plaintiff Pro-Se*

1657 The Fairway #131

Jenkintown, PA 19046

Phone: 215-791-6957

Facsimile: 888-329-0305

andyperrong@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDREW R. PERRONG** | ) | |
| **1657 The Fairway #131 Jenkintown, PA 19046** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| **vs.** | ) | **No. 19-4228** |
| | ) | |
| **REWEB REAL ESTATE LLC** | ) | |
| | ) | |
| **Et. Al.** | ) | |
| **Defendants.** | ) | **Jury Trial Demanded** |
| | ) | |

**PROPOSED ORDER OF JUDGEMENT PURSUANT TO RULE 55(b)(2)**

**AND NOW,** this _____ day of _____, 2019, upon consideration of

Plaintiff's Motion for Default Judgement against REWEB REAL ESTATE LLC, KYLE

MCLAUGHLIN, and NICHOLAS UMMARINO. (Doc. No. 7), [which has not been opposed] /

[and the response thereto], it is hereby ORDERED, ADJUDGED, AND DECREED that

Plaintiff's Motion for Default Judgement is GRANTED and that Judgement is entered in favor of

Plaintiff, ANDREW R. PERRONG, and against defendants REWEB REAL ESTATE LLC,

KYLE MCLAUGHLIN, and NICHOLAS UMMARINO, jointly and severally, in the amount of

$25,000, inclusive of fees and costs.

Dated: _____

_____
Hon. Gerald A. McHugh, J.

18