**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDREW R. PERRONG** ) <br> 1657 The Fairway #131 Jenkintown, PA 19046 ) <br> ) <br> ) <br> **Plaintiff,** ) <br> vs. ) <br> ) <br> **REWEB REAL ESTATE LLC** ) <br> ) <br> **Et. Al.** ) <br> **Defendants.** ) <br> ) | Civil Action <br> No. 19-4228 <br><br><br> Jury Trial Demanded |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff, Andrew R. Perrong, respectfully files this response in opposition to Defendants' motion to dismiss. The lawsuit, involving exclusively federal claims, alleges that Defendants violated the Telephone Consumer Protection Act, 27 U.S.C. § 227, et seq. ("TCPA") by sending unlawful telemarketing text messages to Plaintiff, a Pennsylvania resident, to a Pennsylvania telephone number without his consent. Defendants KYLE MCLAUGHLIN and NICHOLAS UMMARINO, together with REWEB REAL ESTATE, LLC, who is not represented by counsel, filed an answer to the complaint before deciding that they would rather move to dismiss it for lack of personal jurisdiction, subject matter jurisdiction, and, quite confusingly, something that they term as "lack of evidence." Because of the multiple legal, procedural, and substantive issues with Defendants' motion, it should be DENIED in its entirety.

**LAW AND ARGUMENT**

 A.  **This Court may exercise specific personal jurisdiction over Defendants.**

In evaluating personal jurisdiction, the court must first look to Pennsylvania's long-arm statute to determine if the exercise of personal jurisdiction is permissible. Pennsylvania's long-arm statute permits the exercise of personal jurisdiction to "the fullest limits of due process as defined under the Constitution of the United States." 42 Pa. C.S. § 5322(b). Therefore, the court must determine whether the exercise of personal jurisdiction over Defendants violates the Due Process Clause of the 14th Amendment. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

The key factor in determining whether it is constitutionally proper to exercise specific personal jurisdiction over a defendant is whether the defendant had "fair warning" that it may be subjected to the jurisdiction of a foreign sovereign. *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977). The "fair warning" test is satisfied if a defendant has "purposefully directed" its activities at residents of the forum "and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). In other words, the plaintiff must prove that the defendant has sufficient "minimum contacts" with the forum by "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014).

It is clear from Plaintiff's complaint and Plaintiff's affidavit concerning personal jurisdiction that Defendants purposefully directed their marketing activities at Pennsylvania. Plaintiff has established that the exercise of personal jurisdiction over Defendants is the result of Defendants'

purposeful availment and is foreseeable. Moreover, the litigation clearly arises out of Defendants' activities, namely, by sending text messages to Plaintiff in violation of the TCPA. Courts have repeatedly held where a defendant makes a call or sends a message into the forum state in violation of the TCPA, this action alone is sufficient to confer specific jurisdiction over the defendant. *See Rinky Dink, Inc. v. Elec. Merch. Sys.*, Civ. No. C13-1347-JCC (W.D. Wash. Feb. 24, 2015). (Finding express aiming where defendant transmitted calls to telephone numbers with Washington area codes, even if at the direction of another party). *See also Abramson v. CWS Apartment Homes, LLC*, Civ. No. 16-426 (W.D. Pa. Oct. 24, 2016). (Holding that Pennsylvania has an interest in protecting its citizens from harm inflicted by nonresidents and holding that sending a text message to a Pennsylvania area code would make the exercise of specific personal jurisdiction reasonable).

Plaintiff has alleged precisely that the Defendants sent their message into Pennsylvania, to a Pennsylvania area code, to a number registered in Pennsylvania. Compl. ¶ 5. By sending a message to such a number, specifically seeking business in Pennsylvania, a Defendant "expressly aimed their conduct at Pennsylvania" because the number was associated with the State of Pennsylvania. *Abramson v. Caribbean Cruise Line, Inc.*, Civ. No. 2:14-cv-00435, at *15 (W.D. Pa. Jun. 23, 2014).

Moreover, Plaintiff has alleged that Defendants broker real estate transactions for Pennsylvania residents. Aff. of Andrew Perrong ¶ 6. This alone is sufficient to subject Defendants to personal jurisdiction in Pennsylvania, since parties that "reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King*, 471 U.S. at 473. That is because it is unfair for a nonresident to "purposefully derive

3

benefit" from interstate activities and, at the same time, "allow them to escape having to account in other States for consequences that arise proximately from such activities." *Id.* at 473-74.

Assuming minimum contacts have been established, the court must then inquire whether the assertion of personal jurisdiction would comport with traditional notions of "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). It is the defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Defendants have not advanced any reasoning or argument in their motion whatsoever for why the exercise of personal jurisdiction over them would be unreasonable.

Specifically, with regard to Defendants MCLAUGHLIN and UMMARINO, they may also be subject to personal jurisdiction based on agency principles for actions that they take on behalf of or in the name of a corporation. The Supreme Court has observed that such agency relationships "may be relevant to the existence of *specific* jurisdiction." *Damler AG v. Bauman*, 134 S. Ct. 746, 759 n.13 (2014) (emphasis in original). An agency relationship gives rise to personal jurisdiction so long as the agent acts subject to the principal's control. *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991).

Plaintiff believes that the Court may deny Defendants' motion to dismiss now. However, Plaintiff acknowledges that this case is in the early stages and realizes that the court is being asked, in a sense, to make a determination as to whether Defendants MCLAUGHLIN or UMMARINO acted as REWEB's agent, as well as to the extent of REWEB's marketing activities in Pennsylvania. To the extent that the Court determines that it must make a determination as to the extent of contacts between REWEB and Pennsylvania, or whether Defendants MCLAUGHLIN or UMMARINO acted as REWEB's agent in order to assess

personal jurisdiction, Plaintiff respectfully requests to take discovery on those issues.  As a general matter, "jurisdictional discovery should be allowed unless the plaintiff's claim [of personal jurisdiction] is "clearly frivolous." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (citations omitted). Jurisdictional discovery is also justified with regards to the extent of a defendant's business activities in a particular forum, including business plans and marketing strategies, as is the case here. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003). Therefore, the court should grant jurisdictional discovery in the event it believes that it is necessary.

**B.     This Court enjoys subject matter jurisdiction over the claims at issue in this case.**

Defendants' claim that this Court lacks subject matter jurisdiction is so utterly lacking in substance or meaningful legal argument that it borders on frivolous and sanctionable conduct. Plaintiff's claims clearly arise out of a federal statute, the Telephone Consumer Protection Act, 47 USC § 227. This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

It is well-settled that federal courts enjoy concurrent subject matter jurisdiction over state courts under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). Defendants offer no argument for modifying, interpreting, or changing existing Supreme Court precedent. The proper forum for the relief they request is Congress, not the courts, and this Court should not hold otherwise.

**C.     Defendants cannot move to dismiss based on a "lack of evidence."**

Plaintiff is aware of no authority that authorizes the court to grant relief on Defendant's third part of their motion, based on a purported "lack of evidence." Defendants seemingly did not take

5

the time to read Fed. R. Civ. P. 12, as the word "evidence," let alone a purported lack of it, does not appear anywhere in that section, nor is it listed in the list of defenses a party is permitted to assert by motion under Rule 12(b). Defendants seem utterly oblivious to the fact that Plaintiff is entitled to discovery in an effort to build his case. Plaintiff is truly at a loss to determine what, if any, relief Defendants are requesting, or on what authority they base their claims.

In any case, the Court should read Defendants' motion as a motion for summary judgment. It appears that Defendants are attempting to introduce matters outside the pleadings. Defendants should not be permitted to fool the court by couching a motion for summary judgment as a motion to dismiss. Accordingly, this Court must convert Defendants' motion into one for summary judgment under Rule 56 pursuant to Fed. R. Civ. P. 12(d).

**D.     The Motion's numerous defects warrant its DENIAL *in toto.***

Defendants' motion suffers from a number of procedural defects. As more fully outlined in Plaintiff's Motion to Strike Defendant REWEB REAL ESTATE LLC's Answer, Defendant REWEB REAL ESTATE, LLC is a corporation and must be represented by counsel. As a preliminary matter, the court should deny any relief to REWEB REAL ESTATE, LLC *sua sponte* on the basis of the well-settled principle that a corporation must be represented by counsel. *Penn Graphics Equip. Co. v. Globaltec Innovations Corp.*, No. 06-3247, 2006 WL 3144398, at *1 (E.D. Pa. Oct. 30, 2006) (granting motion to strike *pro se* corporate Defendant's answer). The well-settled law in this District is that a corporation must appear through counsel. Defendant REWEB REAL ESTATE, LLC has not appeared through counsel, and therefore, this Court should not grant any relief and consider REWEB to be in a state of default.

Next, Defendants' motion is untimely. A check of the docket in this case indicates that Defendants filed their answer before filing their motion to dismiss. *See* ECF Nos. 13 and 14,

6

respectively. Defendants are not permitted to file a motion to dismiss after an answer is filed, and such a motion becomes a motion for judgment on the pleadings. *Hackensack Riverkeeper, Inc. v. Delaware Ostego Corp.*, 450 F. Supp. 2d 467, 484 (D.N.J. 2006) (quoting Fed. R. Civ. P. 12(c)). Moreover, personal jurisdiction is a waivable right, and Defendants should not be permitted to raise this issue for the first time in a motion for judgment on the pleadings couched as a motion to dismiss, after having filed an answer and consented to the personal jurisdiction of this court. *Sam Mannino Enterprises, LLC v. John W. Stone Oil Distrib., LLC*, 26 F. Supp. 3d 482, 485 (W.D. Pa. 2014). The plain language of Fed. R. Civ. P. 12(b) is clear and mandatory: a motion asserting a lack of personal jurisdiction *must* be made before pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b) (emphasis added). Defendants did not raise the issue of personal jurisdiction in their answer, and this issue is forever waived. Defendants are deemed to have consented to personal jurisdiction in this court. *See Bro–Tech Corp. v. Purity Water Co. of San Antonio*, No. 08–371, 2008 WL 1757922 (E.D. Pa., Apr. 16, 2008); Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 at 221 (3d ed. 2004).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be DENIED in its entirety.

Dated: **January 7, 2020**

_____/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2020, I caused the foregoing to be filed via the Court's CM/ECF filing system. I also certify that I served the Defendants by email at kyle@reweb.us and nuckummarinorealtor@gmail.com, and sent copies by First Class Mail to: Kyle McLaughlin, 1378 Chesapeake Ave, Naples, FL 34102; Nicholas Ummarino, 4090 Looking Glass Ln. Apt 5, Naples, FL 34112; and REWEB Real Estate LLC, 1441 Ridge St., Naples, FL 34103.

_____/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDREW R. PERRONG** )<br>**1657 The Fairway #131 Jenkintown, PA 19046** )<br>)<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**REWEB REAL ESTATE LLC** )<br>)<br>**Et. Al.** )<br>**Defendants.** )<br>) | **Civil Action**<br>**No. 19-4228**<br><br><br>**Jury Trial Demanded** |

## **PROPOSED ORDER**

**AND NOW,** this _____ day of _____, 2020, upon consideration of Plaintiff's Response to Defendants' motion to dismiss, it is hereby ORDERED that Defendants' motion is DENIED.

Dated: _____

_____
Hon. Gerald A. McHugh, J.