**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDREW R. PERRONG** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-4228** |
| | : | |
| **REWEB REAL ESTATE LLC, ET AL.** | : | |

**MEMORANDUM**

**McHUGH, J.**                                                        **August 21, 2020**

This is an action brought under the Telephone Consumer Protection Act, (TCPA), 47

U.S.C. § 227, et seq.  Plaintiff is Andrew Perrong, a prolific and frequently successful *pro se*

litigant in cases brought under the TCPA.  Defendants include REWeb Real Estate, LLC, which

Plaintiff pleads is incorporated in Florida and operates from offices there, REWeb's two

principal owners, and "John Does 1 through 100."  (Compl. ¶¶ 7-9.)  Plaintiff avers that

Defendants conduct business in Bucks and Montgomery Counties, and he further avers that "they

purposely avail themselves of the markets in this District, including by purchasing and owning

property in this District and/or entering into contracts for the purchase and sale of real property

with residents of this District."  (Compl. ¶ 5.)

The Complaint was filed on September 12, 2019, the summons apparently served on

October 2, 2019, and a default entered by November 6, 2019, followed promptly by a motion to

enter judgment on the default.  Defendants, also proceeding *pro se*, communicated with the

Court by email on November 27, 2019, followed by a *pro se* motion to set aside the default.

Defendants' email was docketed.

Mr. Perrong moved to strike the motion to set aside the default, arguing that it was

improper in both form and substance, and further moved to strike Defendants initial email

communication to the Court as an improper *ex parte* communication with scandalous content.  In

an order entered December 5, 2019, I denied the motion to strike Defendants' motion, denied

Plaintiff's motion for judgment, and granted the motion to vacate the default.  In an order entered

December 12, 2019, I denied Plaintiff's motion to strike Defendants' initial email

communication from the record, but ordered that it be sealed, and barred Defendants from any

further *ex parte* communication with the Court.

Defendants, still proceeding *pro se*, then simultaneously filed an answer denying

Plaintiff's allegations in some detail, and a motion to dismiss, asserting a lack of jurisdiction.

The motion is conclusory.  Nonetheless, a "federal court is bound to consider its own jurisdiction

preliminary to consideration of the merits," *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n*,

657 F.2d 29, 35 (3d Cir. 1981), and thus may raise jurisdiction *sua sponte*, *Sun Buick v. Saab

Cars U.S.A.*, 26 F.3d 1259, 1261 (3d Cir. 1994).  After review of the parties' submission the

question of jurisdiction was of sufficient concern that I entered an Order directing Mr. Perrong to

set forth in an affidavit the factual basis for his allegations of jurisdiction.  He did so,

simultaneously filing a motion to strike Defendants' answer on the ground that REWeb, as a

corporation, could not defend itself *pro se* but was required to retain counsel.  I will not strike

Defendants' filing, but instead consider whether jurisdiction is properly vested in this court.

A "court may assert general [personal] jurisdiction over foreign corporations to hear any

and all claims against them when their affiliations with the State are so 'continuous and

systematic' as to render them essentially at home in the forum State."  *Daimler AG v. Bauman*,

571 U.S. 117, 127 (2014).

To establish specific personal jurisdiction over a defendant, the question is whether the

defendant's contacts with the forum are such that the defendant could reasonably foresee being

haled into the forum's courts.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).  "In determining whether minimum contacts are present, courts focus on 'the relationship among the defendant, the forum, and the litigation.'"  *Gehling v. St. George's School of Medicine*, 773 F.2d 539, 541 (3d Cir. 1985) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).  On this record, I am not persuaded that sufficient contacts exist.  But even when such a showing can be made, the court must still consider whether its assertion of jurisdiction would comport with "traditional notions of fair play and substantial justice."  *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996).

As set forth below, there is certainly no basis for general jurisdiction, and the contacts between Defendants and Pennsylvania are marginal.  Furthermore, I am not persuaded that subjecting them to jurisdiction here would be consistent with "traditional notions of fair play and substantial justice."

The genesis of this action was Plaintiff's receipt of 3 text messages in a row.[1]  The first was addressed to an individual named Devin, with reference to a specific property he owned with an address in Florida.  The second message expressed interest in buying other properties in the area, and the third text asked when it would be a convenient time to speak.  Plaintiff responded in order to identify the sender, and he received another text asking again when it would be a good time to speak.  Plaintiff then ostensibly requested a copy of REWeb's "Do-not-call" policy.  Finally, after confirming the telephone number, he called and was connected first to individual defendant Nicholas Umarino and then to defendant Kyle McLaughlin.  (Complaint ¶¶ 18-38.)  Thereafter, Plaintiff asserted his claim for damages.

---

[1] Defendants allege that it was a single text.

In answering the Complaint, Defendants concede that the texts were sent, but specifically deny that any automatic dialer was used.  Rather, they contend that it was sent accidentally to the wrong number as one of their employees was seeking to communicate with the owner of the specific property identified and was using a number found in a published directory.  (Defs.' Answer ¶¶ 18-34.)  They further deny that their business lacked a "Do-not-call" policy, (*id.* ¶ 34), and attached it as an exhibit to their answer, (*id.*, Ex. A.)

As to the scope of the business, Defendants averred that they limit their activities to Southeast Florida, where they are licensed, and conduct no direct business activities in Pennsylvania.  (*Id.*  ¶¶ 1-2.)  They further identify the specific person whom they were trying to contact and identify him as the owner of a property in Cape Coral Florida, an area in which they regularly do business.  (*Id.* ¶ 30.)  Their answer further pleads that Plaintiff demanded $7000 in settlement, told them that they would need to hire a lawyer, further stating that his demand would increase if they did not immediately capitulate.  (*Id.* ¶37.)  Considering the general and often evasive nature of many answers to civil complaints, the specificity and unambiguous nature of the denials stands out.

Plaintiff's affidavit in support of jurisdiction, (ECF 17), is long on argument and short on facts.  There is no support for his allegation that Defendants purchase or own homes in this judicial district.  He further asserts that they do a "brisk business" in Pennsylvania.  (Perrong Aff. ¶ 6.)  But the most that Plaintiff can show, citing to REWeb's website, is that Defendants apparently have listed a property in Naples, Florida owned by a Pennsylvania resident.  (*Id.*)  Plaintiff also asserts that defendant McLaughlin recently sold another property in Naples, Florida to a Pennsylvania resident, but he was acting through a different real estate company.  (*Id.*)  Plaintiff tries to characterize the text messages he received as evidence that Defendants were

masquerading as investors seeking to buy property in Pennsylvania, but I do not find that to be a reasonable characterization of the texts.

Plaintiff further seeks leave to conduct discovery in support of jurisdiction, (Perrong Aff. ¶ 8.)  Whether to grant such discovery rests within the discretion of the court.  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003).  To justify discovery, a plaintiff asserting jurisdiction must set forth facts that "suggest with reasonable particularity the possible existence of the requisite contacts between [the parties] and the forum state."  *Id*. at 456.  The facts that Plaintiff has advanced here do not justify an inference that allowing discovery will demonstrate a basis for jurisdiction.  In reaching that conclusion, I remain troubled that Plaintiff would unambiguously allege in the Complaint that Defendants conduct business here "by purchasing and owning property" in the absence of any factual support.

I am also guided by my obligations under Federal Rule of Civil Procedure 26 (b)(1), particularly considerations of proportionality and burden.  Plaintiff's motion to strike Defendants' answer was filed simultaneously with his affidavit.  If the motion were granted, it would have the effect of requiring Defendants to expend funds for the retention of counsel. Similarly, his request for jurisdictional discovery would impose further transactional costs on Defendants.  Both are consistent with Plaintiff's aggressive style of litigation, and a concern arises that this represents a strategy of pressuring these defendants to settle independent of the merits of the case.  This concern on my part is a separate basis on which I deny discovery given the record in this case.

Plaintiff, of course, remains free to pursue his claims and establish the merits of his case, but he must do so in a forum where Defendants are properly subject to personal jurisdiction.  An appropriate Order follows.


    /s/ Gerald Austin McHugh
United States District Judge